UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

ANDREW FIELDS
                                                PRISONER
    v.                       Case No.   3:05CV874(RNC)

WAYNE CHOINSKI, ET AL.


ORDER

    Plaintiff, currently incarcerated at the Northern Correctional Institution in Somers, Connecticut, filed this civil rights action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915.  He claims that since February 2005, the defendants have denied him recreation and a haircut and in March 2005, held him on in-cell restraint status for over a day.  The plaintiff claims that on March 18, 2005, he attempted to commit suicide and prison officials placed him on suicide watch in the prison medical facility.  The defendants failed to provide him with medical attention when he was held on suicide watch and used excessive force against him when he refused to remove his hand from the food slot in the cell door.  The plaintiff claims that the defendants denied him mental health treatment for a ten month period, denied him the opportunity to contact his family by telephone for approximately one year and retaliated against him for filing lawsuits.  The plaintiff seeks monetary damages.

    The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), requires an inmate to exhaust his administrative remedies before

bringing a section 1983 action with respect to prison conditions. The plaintiff does not address the exhaustion requirement in his complaint.  The Second Circuit has held that the district court should not dismiss a case sua sponte for failure to exhaust administrative remedies without affording the inmate notice and an opportunity to be heard.  See Snider v. Melindez, 199 F.3d 108, 112 (2d Cir. 1999).

Accordingly, plaintiff is directed to file an amended complaint **within thirty days** of the date of this order.  The amended complaint shall include the claims contained in the complaint accompanied by evidence that plaintiff has exhausted his administrative remedies with respect to those claims. Failure to comply with this order and provide evidence of exhaustion of administrative remedies will result in the dismissal of this action.

SO ORDERED this 29th day of September, 2005, at Bridgeport, Connecticut.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE